UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETRO LIONIDOVICH TSYMBALIUK,<br><br>   Petitioner,<br><br>v.<br><br>KELLEY BECKHELM,<br><br>   Respondent. | Case No.: 22-CV-1270 JLS (JLB)<br><br>**ORDER TO SHOW CAUSE AND DENYING PETITIONER'S MOTION TO APPOINT COUNSEL**<br><br>(ECF Nos. 1, 2) |

    Presently before the Court are Petitioner Petro Lionidovich Tsymbaliuk's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Pet.," ECF No. 1) and Motion to Appoint Counsel ("Mot.," ECF No. 2).

    Petitioner alleges that he has been in the custody of the United States Department of Homeland Security's Immigration and Customs Enforcement division since April 2022. Pet. at 2, 4.[1]  A final order of removal was issued on May 20, 2022, according to Petitioner. *See id.* at 4.  His appeal of the final removal order was denied on May 26, 2022. *Id.* at 2. Petitioner was granted bond in the amount of $15,000 but claims he is unable to pay that

---

[1] Pin citations to the Petition refer to the CM/ECF page numbers electronically stamped at the top of each page.

amount. *Id*. Petitioner alleges his removal will not occur "in the near future" due to the "ongoing war in Ukraine." *Id*. at 3, 6. For these reasons, Petitioner requests the Court to "[o]rder ICE to release" him from custody. *Id*. at 7.

## HABEAS PETITION

Having reviewed the Petition, the Court finds that summary dismissal of the petition is unwarranted at this time. *See Kourteva v. INS*, 151 F. Supp. 2d 1126, 1128 (N.D. Cal. 2001) ("Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.") (citing *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990)). Accordingly, pursuant to 28 U.S.C. § 2243, Respondent is **ORDERED TO SHOW CAUSE** why the Petition should not be granted by:

(1) filing a written return no later than September 26, 2022;

(2) filing copies of all documents, order, and transcripts relevant to the Petition; and

(3) filing a memorandum of law and fact fully stating Respondent's position and making a recommendation regarding the need for an evidentiary hearing on the Petition.

Petitioner **MAY FILE** a traverse no later than October 10, 2022.

## MOTION TO APPOINT COUNSEL

The Sixth Amendment's right to counsel does not apply in habeas actions. *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986), cert. denied, 479 U.S. 867 (1986). Appointment of counsel pursuant to 18 U.S.C. § 3006A(a)(2)(B) is in the discretion of the district court unless "the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (citations omitted). For instance, the district court is obligated to appoint counsel if an evidentiary hearing is required. *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181–82 (9th Cir. 1990). Otherwise, a district court is authorized to appoint counsel to represent a financially eligible petitioner whenever "the court determines that the interests of justice so require." *See* 18 U.S.C. § 3006A(a)(2)(B). In deciding whether to appoint

counsel, the district court "must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

In support of his motion, Petitioner states only that he "do[es] not know Law and would benefit [from] having legal representation." Mot. at 1. The Court presently cannot say whether Petitioner has the capacity to sufficiently articulate and prosecute the claims he seeks to bring. Moreover, Petitioner has not shown the likelihood of success on the merits, nor is a likelihood of success evident from the face of the Petition. *See generally* Pet. Finally, at this stage of the proceedings, the Court is not in a position to determine whether an evidentiary hearing will be required. *See Knaubert*, 791 F.2d at 728 (holding "[u]nless an evidentiary hearing is required, the decision to appoint counsel is within the discretion of the district court"). In the event circumstances change materially at a later stage in these proceedings and provided Petitioner meets the criteria set forth in 18 U.S.C. § 3006A, the Court shall reconsider the issue. Nothing in this Order is intended to preclude Petitioner from retaining counsel on his own.

In light of the foregoing, the interests of justice do not require appointment of counsel at this time. Accordingly, Petitioner's Motion to Appoint Counsel is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Dated: September 13, 2022

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge