UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETRO LIONIDOVICH TSYMBALIUK,<br><br>                              Plaintiff,<br><br>v.<br><br>KELLEY BECKHELM,<br><br>                              Defendant. | Case No.: 22-CV-1270 JLS (JLB)<br><br>**ORDER DENYING AS MOOT PETITIONER'S HABEAS PETITION**<br><br>(ECF No. 1) |

Presently before the Court is Petitioner Petro Lionidovich Tsymbaliuk's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Pet.," ECF No. 1). Petitioner's sole request for relief was to be released from Immigration and Customs Enforcement ("ICE") custody. *See* Pet. at 7. On September 26, 2022, Petitioner posted bond and was released from ICE custody under an Order of Supervision. *See generally* Notice of Release (ECF No. 7). In light of Petitioner's release, the Court ordered Petitioner to show cause as to why the Petition should not be dismissed as moot. *See* ECF No. 8; *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007) ("For a habeas petition to continue to present a live controversy after the petitioner's release . . . , there must be some remaining 'collateral consequence' that may be redressed by success on the petition."); *Ying Jiao Ye v.*

*Nordheim*, No. 218CV10072JVSKES, 2019 WL 979245, at *3 (C.D. Cal. Feb. 27, 2019) ("[H]abeas petitions that raise claims that are fully resolved by release from custody are rendered moot upon the petitioner's release."). Petitioner's deadline to respond to the order was November 21, 2022. That deadline has since passed, and the Court has yet to receive Petitioner's response. Moreover, Petitioner's mail is now being returned as undeliverable, presumably because Plaintiff has failed to keep the Court and opposing parties advised as to his current address in accordance with Local Rule 83.11(b). Finally, there is no indication that Plaintiff has taken any action in this matter since filing the Petition on August 26, 2022, more than three months ago.

Accordingly, Petitioner's 28 U.S.C. § 2241 writ of habeas corpus petition is hereby **DENIED WITHOUT PREJUDICE AS MOOT.** *See Riley v. I.N.S.*, 310 F.3d 1253, 1257 (10th Cir. 2002) ("Appellant's release from detention moots his challenge to the legality of his extended detention."); *Sayyah v. Farquharson*, 382 F.3d 20, 22 (1st Cir. 2004) ("[Petitioner] also claimed indefinite detention, but this claim was mooted by his subsequent release."); *Limpin v. Figueroa*, 738 F. App'x 504 (9th Cir. 2018) ("Because [petitioner's] petition did not assert any collateral consequences from his detention, and requested only release from detention, there is no longer any relief this court can grant him. Therefore, his appeal is dismissed as moot."). ***If Petitioner wishes to file an amended petition, he must do so within 30 days of the date of this order. Failure to (1) file an amended petition and (2) notify the Court and Defendants of his current mailing address on or before January 2, 2023 will result in the dismissal of this case.***

IT IS SO ORDERED.

Dated: December 1, 2022

Hon. Janis L. Sammartino
United States District Judge